# IN THE COURT OF APPEALS OF IOWA

No. 22-1205
Filed August 9, 2023

**SCOTT PATRICK HASSEL,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dickinson County, John M. Sandy,

Judge.

A defendant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Nathan A. Mundy of Mundy Law Office, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Contending his plea counsel failed to properly explain the terms of the plea agreements, specifically that his sentences were to run consecutively, Scott Hassel applied for postconviction relief (PCR) asserting ineffective assistance of his trial counsel. The State argues Hassel's claim that he did not understand the terms of the plea agreement is not supported by the evidence and, after a hearing on the PCR application, the district court agreed with the State's characterization and dismissed the application. Hassel appeals.

The State charged Hassel with crimes in two separate cases. As the cases progressed, trial counsel consulted Hassel about entering plea agreements in each case. Ultimately, Hassel signed two written plea agreements that were filed and accepted by the district court; Hassel pled guilty to one count of third-degree burglary, a class "D" felony, in both FECR021717 and FECR021695. Hassel was sentenced according to the terms of the plea agreements. At sentencing, the district court explained

> [I]n case number [FECR0]21695, it is the judgment and sentence of this court that the defendant is guilty and is convicted of the crime of burglary in the third degree, a class D felony, as charged in count I of the trial information committed on February 5th of 2017. As punishment for that crime, the defendant is sentenced to a term of incarceration not to exceed five years. . . . If [the term of incarceration] needs to be served, that term of incarceration shall run consecutive with the sentence that will soon be imposed in case number [FECR0]21717. However, the serving of that term of incarceration and the payment of the fine are all suspended, and the defendant is placed on probation under the supervision of the Third Judicial District Department of Correctional Services for a period of three years.

The sentencing court repeated the sentence in similar fashion related to the second charge. When Hassel was asked if he had any questions concerning the sentence, he answered "no."

In this PCR and in his own words, Hassel described the plea discrepancy like this:

> I was told [the sentences] were running, as I said, together, and [trial counsel] said yes. As I'm signing papers and he just signs me one this is just acknowledging the first thing. I sign. I don't read through the small print. I just kept signing and they were [to] run consecutive. I find this out when I got to Oakdale when I got my time comp sheet[1] . . . .

But Hassel's trial counsel also testified at the PCR hearing and discussed the written guilty plea forms signed by Hassel. In doing so, counsel remembered that he met with Hassel for an hour and discussed the charges against him and what plea offers were on the table. One consideration was whether a stint in prison would be urged by the State. Trial counsel proposed a possible plea deal with concurrent sentences, but the State indicated with that option it would ask for incarceration rather than suspended sentences. Weighing the various risks, trial counsel testified he advised Hassel on the best route to avoid prison. Remembering the full discussion, trial counsel testified that Hassel "elected to proceed with the consecutive sentencing and a guarantee of probation in lieu of proceeding with a chance at being sent to prison." Then, trial counsel further described the detailed plea proceeding where the district court confirmed the plea agreement terms. And counsel noted, as was the office practice, Hassel was sent

---

[1] Because both of Hassel's sentences were suspended, he was placed on probation. But his probation was eventually revoked, which is when Hassel claims he realized the sentences would run consecutively rather than concurrently.

a letter advising him his "sentence would be served consecutively [if he ever had to serve it], but that he was placed on probation." Trial counsel also emphasized, "He knew the alternative was running two ["D"] felonies concurrently with most likely he was going to prison because the [presentence investigation report] would so indicate, or the alternative is he could accept consecutive sentencing with a guarantee of probation. He knew that."

Hassel's PCR claim centers on his trial counsel's failure to advise him that the guilty pleas required that the sentences would run consecutively rather than concurrently. We generally review a denial of PCR for errors at law. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). "[W]hen the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Id.* (quoting *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001)).

"To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice." *Ledezma*, 626 N.W.2d at 142. Proof of both elements must be by a preponderance of the evidence. *Id.* As for the ineffective-assistance prong, "the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* To establish the prejudice prong, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Here, Hassel failed to prove counsel provided ineffective assistance.

But for Hassel's protestations over his plea understanding, all of the evidence presented at the PCR hearing supports the dismissal of the application. Trial counsel demonstrated reasonable skill in negotiating the plea agreement for Hassel. He offered Hassel two options—one with a joint recommendation for a suspended sentence and probation and the other with the State recommending Hassel serve prison time. Over an hour conference with Hassel, trial counsel set out the plea agreement options. Hassel[2] signed two written plea agreements— one for each case—which clearly set out that the sentences would be served consecutively if they were ever served. At the plea hearing, the prosecutor confirmed the agreement as set out in the written plea agreements, the plea court carefully explained the terms and asked Hassel, "[D]o you want to be sentenced in accordance with those plea agreements if we get to the sentencing portion of those proceedings?" Hassel responded, "Yes." Hassel agreed to proceed to sentencing after pleading guilty, and the court confirmed with Hassel that the presentence investigation report recommended imprisonment and that Hassel understood that his attorney negotiated a plea agreement that would allow Hassel to avoid prison. The sentencing court again summarized the sentences, noting again they would run consecutively. Finally, after the plea and sentencing proceedings, trial counsel sent Hassel the judgment and sentence and confirmed in writing the specific details of the agreements, including "that the sentence would be served consecutively, but that he was placed on probation."

---

[2] At the time he signed the written plea agreements, Hassel was forty-eight years old, had a college degree, understood the English language, and had extensive experience in the criminal system. He does not argue he failed to understand the terms of the agreements and confirmed with the plea judge that he understood.

Based on this record, we agree with the district court's finding that "there can be little doubt that Hassel's plea was knowingly and voluntarily made." We also credit the district court's determination that trial counsel was more credible than Hassel. *See Cox v. State,* 554 N.W.2d 712, 714–15 (Iowa Ct. App. 1996) (deferring to the PCR court's credibility findings and finding trial counsel to be more credible). Hassel did not meet his burden of proof to establish his trial counsel failed to perform an essential duty, thus we do not reach his prejudice claim. We affirm the dismissal of the PCR application.

**AFFIRMED.**